**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DIRECTV, INC.,

      Plaintiff,

vs.                                                CIV. No. 03-1059 JC/LFG

LEROY BACA, ROBERT BAYER,
TIM CAVANAUGH, TERRY CONNER,
STEVEN CORDOVA, JOE DURAN,
DIANE HARALSON, BRIAN KOWALSKI,
CHARLES J. LANE, MATT LUCERO,
TONY M. MOYA, MARGARET OROSCO,
and STEVEN PRESLEY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Robert Bayer's *Motion to Dismiss for Misjoinder*, filed March 10, 2004 (*Doc. 35*). Having reviewed the motion, memoranda and all relevant authorities, the Court being fully advised finds the motion well-taken, and it is therefore granted.

## I.    Background

DIRECTV is a California corporation that provides satellite television broadcasts throughout the United States. To receive the benefit of DIRECTV's Satellite Programming, a subscriber obtains a fixed outdoor satellite dish designed to capture satellite signals. The satellite dish connects to an indoor satellite receiver that is connected by cable to a television monitor. In order to obtain a functioning satellite signal, a user must subscribe and pay a fee to DIRECTV. Encryption technology prevents the unauthorized reception and use of DIRECTV's broadcasts by individuals

who have not paid for the company's services.

Such encryption technology is not flawless, and companies throughout the nation and foreign countries have invented devices to surreptitiously pirate DIRECTV's signals. These devices allow users to override DIRECTV's encryption and obtain satellite programming without payment to DIRECTV.

In November 2001, DIRECTV executed a Writ of Seizure against Digital Source Solutions ("DssPro"), located in Indiana. DssPro sold and distributed alleged satellite signal theft devices (pirate access devices) throughout the nation primarily via the Internet. Pursuant to the raid, DIRECTV obtained and reviewed DssPro's records, which indicated that each Defendant purchased such pirate access device in order to evade payment to Plaintiff.

## II. Discussion

Defendant Bayer asserts that DIRECTV improperly joined the multiple Defendants in this case, as it failed to demonstrate that Defendants' actions arose from the same transaction, occurrence or series of transactions or occurrences. In support of its claim, Defendant cites a similar case decided in this Court finding that joinder was not proper. *See DIRECTV, Inc. v. Banks*, Civ. No. 03-610 slip op. (D.N.M. Jan. 20, 2004).

Pursuant to Federal Rule of Civil Procedure 20, joinder of defendants is proper when two conditions are met. Specifically,

> All persons...may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P.20(a). Thus, a plaintiff must demonstrate that the action arises out of the same transaction, occurrence, or series of occurrences; and he must also show that there is a common question of law or fact as to all defendants. 4 James Wm. Moore et al., Moores' Federal Practice ¶ 20.02[1][a]. It is important to note that misjoinder does not result in dismissal, but merely in severance. *Id.* Plaintiffs generally do not have difficulty demonstrating that there is a common question of law or fact. The difficulty lies in the transactional relatedness requirement. *Id.*

Under the theory of transactional relatedness, courts have refused to formulate a bright line test. Instead, courts have determined that actions arise out of the same transaction or occurrence if there are "reasonably related claims for relief." *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983). Therefore, each case requires the court to review the facts independently of previous cases. 4 Moores' Federal Practice ¶ 20.02[1][a].

Throughout the nation DIRECTV has filed hundreds of similar cases alleging the purchase and usage of illegal pirate access devices. In many of these cases the issue of misjoinder has arisen, and the vast majority have concluded that joinder is improper.[1] Although several courts with similar cases found joinder to be proper, this Court is persuaded by the majority.[2]

---

[1] A non-exhaustive list of cases concluding that defendants were improperly joined includes: *DIRECTV, Inc. v. Hurst*, No. CIV-03-0674-F (W.D.Okla. Aug. 8, 2003); *DIRECTV, Inc. v. Blahuta*, 2003 WL 22225585 (N.D.Ill. Sept. 25, 2003); *DIRECTV, Inc. v. Armellino*, 216 F.R.D. 240 (E.D.N.Y. July 28, 2003); *DIRECTV, Inc. v. Smith*, No. 03C3540 Minute Order (N.D.Ill. Sept. 18,2003); *DIRECTV, Inc. v. Loussaert*, 218 F.R.D. 639 (S.D. Iowa Oct. 2, 2003); *DIRECTV, Inc. v. Barrett*, No. 03-3242 RHK/AJB (D.Minn. Oct. 2, 2003); *In Re Multiple-Defendant Cases Filed By DIRECTV, Inc.*, 1:03-CV-00682 through 00768 (W.D. Mich. Oct. 21, 2003); *DIRECTV, Inc. v. Geenen*, 2003 WL 22669021 (N.D.Ill. Nov. 10, 2003); *DIRECTV, Inc. v. Patel*, 2003 WL 22669031 (N.D.Ill. Nov. 10, 2003); *DIRECTV, Inc. v. Gatsiolis*, 2003 WL 22669033 (N.D.Ill. Nov. 10, 2003)*; DIRECTV, Inc. v. Serio*, 2003 WL 22682354 (N.D.Ill. Nov. 12, 2003) (only connection between defendants is that they allegedly violated federal law); *DIRECTV, Inc. v. Perez*, 2003 WL 22682344 (N.D. Ill. Nov. 12, 2003).

[2] A non-exhaustive list of cases concluding that joinder was proper includes: *DIRECTV, Inc. v. Menhart*, No. 2:03cv386 (E.D.Va. Aug. 4, 2003); *DIRECTV, Inc. v. Hosey*, 289 F.Supp.2d 1259 (D.Kan. Sept. 11, 2003); *Monon Tel. Co. v. Bristol,* 218 F.R.D. 614 (N.D. Ind. Oct. 28, 2003).

Consistent with the majority of DIRECTV's suits, Plaintiff alleges that Defendants purchased from the same company illegal pirate access devices in order to circumvent payment to DIRECTV. *Plaintiff DIRECTV, Inc.'s Original Complaint*, filed Sept. 12, 2003 (*Doc.1*). Yet, Defendants' alleged purchases from DssPro are the only common actions alleged. These purchases from the same company, however, are not sufficient to meet the transactional relatedness prong under Rule 20, as DIRECTV does not claim that Defendants acted in concert or even knew one another prior to the present litigation. Moreover, the purchases did not occur simultaneously but over several months.

Interestingly, Plaintiff does not attempt to argue that Defendants' actions meet either the first or second prong of Rule 20. Instead, Plaintiff merely asserts that Defendants are properly joined and then proceeds to suggest several procedural solutions the Court may follow, including dismissing most Defendants without prejudice.[3] In accordance with Judge Johnson's well-reasoned opinion in *DIRECTV, Inc. v. Banks*, Civ. No. 03-610 (D.N.M. Jan. 20, 2004), this Court finds dismissal without prejudice appropriate for all named Defendants excluding the first named Defendant.

## III.    Conclusion

Wherefore,

IT IS ORDERED that Defendant Robert Bayer's *Motion to Dismiss for Misjoinder*, filed March 10, 2004 (*Doc. 35*) is GRANTED;

IT IS FURTHER ORDERED that pursuant to Fed.R.Civ.P. 21, Defendants Cordova,

---

[3] Plaintiff claims that certain Defendants should not be dismissed due to default judgments pending against them. Upon Plaintiff's motions, the Clerk of the Court granted default judgment against Defendants Brian Kowalski (*Doc. 73*), Margaret Orosco (*Doc. 65*) and Steven Cordova (*Doc. 64*). Pursuant to Federal Rule of Civil Procedure 55(c), this Court sets aside these default judgments. Furthermore, concerning Plaintiff's motions for default judgment brought before this Court against Defendants Kowalski, Cordova, and Orosco, these motions are denied. *See Plaintiff's Motion for Entry of Default Judgment Against Brian Kowalski*, filed April 20, 2004 (*Doc. 71*); *Plaintiff's Motion for Entry of Default Judgment Against Steven Cordova,* filed April 5, 2004 (*Doc. 53*); *Plaintiff's Motion for Entry of Default Judgment Against Margaret Orosco*, filed April 5, 2004 (*Doc.61*).

Haralson, Kowalski, Lane, Lucero, Moya, Orosco are hereby DISMISSED from this action WITHOUT PREJUDICE;[4]

IT IS FURTHER ORDERED that if Plaintiff DIRECTV, Inc. elects to reassert its claims against these Defendants by filing separate cases against them within 30 days of this Order, the newly filed Complaints shall relate back to the date on which the original Complaint in this case was filed.

IT IS FURTHER ORDERED that this case shall remain pending as to Defendant Leroy Baca;

IT IS FINALLY ORDERED that the caption of this case is hereby amended as follows:

**DIRECTV, Inc.,**

    **Plaintiff,**

**vs.**

**LEROY BACA,**

    **Defendant.**

DATED May 5, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Defendants Cavanaugh, Presley, Duran, and Connor previously have been dismissed from this case. *See Notice of Dismissal of Claims Against Defendant Tim Cavanaugh*, filed April 6, 2003 (*Doc.67*); *Voluntary Dismissal of Claims Regarding Defendant Stephen Presley*, filed Jan. 29, 2004 (*Doc.29*); *Notice of Dismissal of Claims Against Defendant Joe Duran*, filed March 30, 2004 (*Doc.49*); *Order*, filed April 1, 2004 (*Doc. 50*).

Attorneys for Plaintiff:

       Freddie Black, Esq.
       GREER, HERZ & ADAMS, L.L.P.
       Galveston, Texas

and

       William C. Scott, Esq.
       MODRALL, SPERLING, ROEHL,
       HARRIS & SISK, P.A.
       Albuquerque, New Mexico

Attorney for Defendant Bayer:

       Robert J. Perry, Esq.
       Rob Perry Law Office
       Albuquerque, New Mexico